**E-FILED**
Thursday, 19 July, 2007  09:48:35 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS


RICKY YOUNG,

       Plaintiff,

     v.                                  07-3161

THOMAS MONAHAN,
SHAN JUMPER,
ARAMARK PRISON FOOD CORP.,

       Defendants.

### Order on Petition to Proceed In forma Pauperis

Plaintiff resides in the Rushville Treatment and Detention Center, presumably as a civil detainee.  He has filed this lawsuit, along with a petition to proceed *in forma pauperis*.

The plaintiff is civilly detained, so the Prison Litigation Reform Act arguably does not apply to him.  *See* 28 U.S.C. § 1915(h)(defining prisoner as person incarcerated or detained who is "accused of, sentenced for, or adjudicated delinquent for, violations of criminal law . . .); *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004).   However, the court must dismiss cases proceeding *in forma pauperis* "at any time if the court determines that the action fails to state a claim. 28 U.S.C. § 1915(e)(1).  Additionally, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them."  *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).  Accordingly, the court will grant leave to proceed *in forma pauperis* only for federally cognizable claims.  Plaintiff's allegations are set forth as true for purposes of this order.

Plaintiff was assigned to work as a dishwasher in the treatment facility, working three days per week, eight to nine hours, sometimes more.  Plaintiff estimates he works from 20-27 hours per week and receives 12 "points" per week.  Points are like cash in the detention center.  Plaintiff also paints around the facility, another 20-27 hours of labor he estimates (though he does not say over what time period).

Plaintiff filed a grievance for more points for his job, but he was told instead to find another job.  Plaintiff's requests to be paid in cash or to be paid minimum wage were denied or ignored.  Plaintiff feels he is being exploited and treated like "slave labor."  He asks for minimum wages and back pay.

1

Plaintiff is not entitled to minimum wage for performing his job at the detention center. *See Bennett v. Frank*, 395 F.3d 409, 410 (7th Cir. 2005)(FLSA minimum wage does not apply to inmates.)[1]  Plaintiff has no right based on federal law to even have a job while in the detention center, much less a right to be paid what he perceives to be a fair wage.  *See McKune v. Lile*, 536 U.S. 24 (2002)(no constitutional claim for reduction in pay from potential minimum wage to .60 cents per day)(addressing self-incrimination clause); *Wallace v. Robinson*, 940 F.2d 243, 248 (7th cir. 1991)(prisoner has no constitutional right to particular job assignment).  Additionally, as Plaintiff concedes, he can choose not to work, thus he is not being subjected to involuntary servitude.

IT IS THEREFORE ORDERED that Plaintiff's petition to proceed *in forma pauperis* is denied (d/e 2).  This case is therefore dismissed and terminated.

Entered this 19th Day of July, 2007.

**s\Harold A. Baker**

HAROLD A. BAKER

---

[1]"People are not imprisoned for the purpose of enabling them to earn a living.  The prison pays for their keep.  If it puts them to work, it is to offset some of the cost of keeping them, or the keep them out of mischief, or to ease their transition to the world outside, or to equip them with skills and habits that will make them less likely to return to crime outside."  *Bennett*, 395 F.3d at 410.  *Bennett* dealt with prisoners, not civil detainees, but its logic is equally applicable here.